IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| SKANSKA USA BUILDING, INC. | ) ) | |
| Defendant. | ) ) | JURY TRIAL DEMAND |

_____

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Maurice Knox and a class of African-Americans who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission contends that Defendant Skanska USA Building, Inc. subjected Mr. Knox and a class of African-American buck hoist operators working at its Memphis Methodist Le Bonheur construction site to a hostile work because of their race.  In addition, Plaintiff contends that Defendant retaliated against African-American workers by terminating the contract of their employer, C-1 Inc. Construction Company and causing the workers to lose pay.  Defendant also retaliated against Mr. Knox by terminating his employment because he complained about these unlawful practices.  Finally, Plaintiff contends that Defendant Skanska failed to comply with the poster requirements of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Skanska USA Building, Inc., hereinafter ("Defendant Employer"), a New Jersey based corporation, has continuously been doing business in the State of Tennessee and the City of Memphis and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Maurice Knox filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 5, 2009, Defendant Employer has engaged in unlawful employment practices at its Methodist Le Bonheur construction site located in Memphis, Tennessee, in violation of Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991. The unlawful employment practices include the verbal and physical harassment of Maurice Knox because of his race, Black.

(a) Mr. Knox was hired by C-1, Inc. Construction Company (referred hereinafter as "C-1") and assigned to work as a buck hoist operator for the Methodist Le Bonheur construction site operated by Defendant Employer on August 5, 2009.

(b) Defendant Employer was the General Contractor for the construction site and had awarded C-1 with a sub-contract to provide hoist operations. The Construction site had dozens of sub-contractors working on-site with hundreds of employees working each day at the site.

(c) All employees of C-1 assigned to Defendant Employer's Le Bonheur construction site were African-American.

(d) From the outset of his employment on August 5, 2009, Mr. Knox was subjected to racial slurs and hostile behavior from White workers at Defendant Employer's Le Bonheur site.

(e) On a daily basis Mr. Knox was called a 'nigger', 'monkey' and other racial epithets by workers at Defendant Employer's work site.

(f) On or about August 10, 2009, Mr. Knox complained to Defendant Employer about the use of racial slurs at the work site.

(g) On or about August 13, 2009, Mr. Knox complained again to Defendant

Employer about the use of racial slurs used towards him at the construction site.

(h) Defendant Employer did not take any actions to address Mr. Knox's complaints, and the verbal racial harassment continued unabated.

(i) On or about August 18, 2009, Mr. Knox notified Gerald Neely, the owner of C-1, about the racial harassment.

(j) Mr. Neely met with Defendant Employer on August 19, 2009 and reported the concerns that Mr. Knox reported, as well as concerns raised by other C-1 employees regarding racial slurs and offensive language at the site. Defendant Employer failed to respond.

(k) Later, an unknown employee threw a mixture of urine, feces and blue chemicals from a portable latrine that landed on Mr. Knox's face and torso.

(l) Defendant Employer did not conduct a formal investigation of the incident.

(m) Thereafter, Mr. Knox received emergency room treatment, and he was diagnosed with an infection known as "conjunctivitis." On or about August 27, 2009, Knox reported severe eye pain to Defendant Employer and was seen by a company-provided physician.

(n) The conduct described above unreasonably interfered with the work performance of Mr. Knox.

8. The unlawful employment practices include racial harassment of a class of African-American buck hoist operators working at the Methodist Le Bonheur construction site because of their race.

(a) Other C-1 African-American buck hoist operators at Defendant Employer's work site were subjected daily to racial jokes and racially offensive language and profanity including 'niggers,' 'monkeys,' and 'black motherfuckers.'

(b) The conduct described above unreasonably interfered with the work performance of the class of African American employees.

9. On or about August 21, 2009, Defendant Employer engaged in unlawful employment practices at its Methodist Le Bonheur construction site located in Memphis, Tennessee, in violation of Section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C.§ 1981a.  The unlawful employment practices include retaliating against Maurice Knox who had opposed race discrimination.

(a) On or about August 10, 2009, Mr. Knox complained to Defendant Employer about the use of racial slurs at the work site.

(b) On or about August 13, 2009, Mr. Knox complained to Defendant Employer about the use of racial slurs used towards him at the construction site.

(c) On or about August 18, 2009, Mr. Knox notified Gerald Neely, owner of C-1, about the racial harassment, and Mr. Neely scheduled a meeting with Defendant Employer.

(d) Mr. Neely met with Defendant Employer on August 19, 2009 and expressed Mr. Knox's concerns, as well as concerns raised by other C-1 employees about racial slurs and offensive language at the site.

(e) On or about August 21, 2009, Mr. Knox and a White employee were involved in a verbal altercation at Defendant Employer's work site.

(f) The White employee was verbally abusive towards Mr. Knox because he could not ride the buck hoist at a particular time, and then complained to Defendant Employer that Mr. Knox had intentionally delayed him.

(g) Defendant Employer sent Mr. Knox home for the rest of the day without interviewing him or investigating the matter, but the White employee was not disciplined.

(h) On or about September 1, 2009, Defendant Employer issued a policy for the construction site that was applicable only to C-1 employees and prohibited C-1 employees from

using cell phones except for emergencies or when on their break.

(i) On or about September 3, 2009, Mr. Knox received a phone call from the treating physician's office for his eye infection to remind him that he had an appointment the next day.

(j) Mr. Knox was standing on the dock and not operating the buck hoist when he received this call.

(k) After completing his call and returning to work, Mr. Knox was immediately terminated by Defendant Employer for taking the phone call.

10. On or about August 21, 2009, Defendant Employer engaged in unlawful employment practices at its Methodist Le Bonheur construction site located in Memphis, Tennessee, in violation of Section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C.§ 1981a.  The unlawful employment practices include retaliating against a class of Black workers from C-1 because Maurice Knox and others had opposed race discrimination.

(a) On or about August 21, 2009, Defendant Employer terminated the contract of C-1 and informed Mr. Neely that C-1 employees would no longer be needed at the construction site because of issues between C-1 employees and others at the work site.

(b) On August 24, 2009, the contract termination was reversed, and C-1 employees were allowed to return to the work site starting August 25, 2009.

(c) The unlawful termination of C-1's contract caused C-1 employees to lose work and pay.

11. Since at least August 5, 2009, Defendant Employer has failed, in violation of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

12. The effect of the practices complained of in paragraphs 7-10, above, has been to deprive Maurice Knox and other similarly situated African- Americans of equal employment opportunities and otherwise adversely affect their status as employees, because of their race.

13. The unlawful employment practices complained of in paragraphs 7-10, above, were and are intentional.

14. The unlawful employment practices complained of in paragraphs 7-10, above, were and are done with malice or with reckless indifference to the federally protected rights of Maurice Knox and other Black employees of C-1.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of racial discrimination including harassment, retaliation, and discharge.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Maurice Knox and a class of other African-Americans by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay for Maurice Knox and a class of other African-Americans.

E. Order Defendant Employer to make whole Maurice Knox and a class of Black employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-10, above, including but not limited to

relocation, job search, medical expenses not covered by employee benefit plans as well as other out-of pocket expenses, in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Maurice Knox and a class of Black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-10, above, including but not limited to emotional distress, pain and suffering, and embarrassment and humiliation, in amounts to be determined at trial.

  G. Order Defendant Employer to pay Maurice Knox and a class of Black employees, punitive damages for its malicious and reckless conduct described in 7-10, above, in amounts to be determined at trial.

  H. Order Defendant Employer to post and keep conspicuously posted at the work site the notice required by Title VII.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission KPA)
FAYE A. WILLIAMS
Regional Attorney

s/ Celia Liner (with permission KPA)
CELIA LINER
Supervisory Trial Attorney
AR Bar No. 90183

s/ Kenneth P. Anderson
KENNETH P. ANDERSON
Trial Attorney
DC Bar No. 469576
Kenneth.anderson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0137