IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

EQUAL EMPLOYMENT OPPORTUNITY,    )
COMMISSION,                      )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    2:10-cv-02717-JPM-tmp
                                 )
SKANSKA USA BUILDING, INC.,      )
                                 )
    Defendant.                   )
_____

**ORDER DENYING DEFENDANT SKANSKA USA BUILDING, INC.'S MOTION TO DISMISS PLAINTIFF KNOX'S AMENDED COMPLAINT**
_____

Before the Court is Defendant Skanska USA Building, Inc.'s ("Skanska" or "Defendant") Motion to Dismiss Plaintiff Knox's Amended Complaint (D.E. 28), filed April 29, 2011. Plaintiff Maurice Knox ("Knox" or "Plaintiff") responded in opposition on June 7, 2011. (D.E. 31.)  For the following reasons, the Court DENIES Defendant's Motion to Dismiss.

**I. BACKGROUND**

This case involves Defendant's alleged unlawful employment practices at its Methodist Le Bonheur construction site in Memphis, Tennessee ("Le Bonheur site").  (Am. Compl. of Intervenor Pl. (D.E. 24) ¶ 6.)  On August 5, 2009, C-1, Inc. Construction Company ("C-1") hired Knox to work as a buck hoist operator at Defendant's Le Bonheur construction site.  (Id. ¶ 6(a).)  Knox and all of the other C-1 employees assigned to

Defendant's Le Bonheur site are African-American. (Id. ¶ 6(d).) Knox alleges that he was subjected to both verbal and physical harassment on the basis of his race (id. ¶ 6(e)–(i)), and that Defendant dismissed Knox in retaliation for his opposition to the racial discrimination at the site. (Id. ¶ 15–16.)

Knox filed a charge with the EEOC more than thirty days prior to the filing of EEOC's complaint (D.E. 17 ¶ 6), and the EEOC filed its initial complaint on September 30, 2010 (D.E. 1). Knox moved to intervene on October 8, 2010 (D.E. 2), and filed his complaint on December 6, 2010 (D.E. 11). In response to both claims, Defendant filed a Motion to Dismiss Plaintiff's Claims Under Title VII and Plaintiff Knox's Claims under 42 U.S.C. § 1981 on February 22, 2010. (D.E. 16.) EEOC amended its complaint on March 14, 2011 (D.E. 17), and responded to Skanska's Motion to Dismiss on March 24, 2011 (D.E. 18). Similarly, Knox responded to Skanska's Motion to Dismiss on March 25, 2011 (D.E. 22), and amended his complaint on March 29, 2011 (D.E. 24). In response Skanska filed two separate motions: a Motion to Dismiss Plaintiff EEOC's Amended Complaint on March 30, 2011 (D.E. 25), and a Motion to Dismiss Plaintiff Knox's Amended Complaint on April 18, 2011 (D.E. 28). EEOC and Knox filed their responses in opposition of Defendant's Amended Motion to Dismiss on April 18, 2011, and June 7, 2011, respectively. (D.E. 27, 31.)

**II. STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

**III. ANALYSIS**

**A. Factual Allegations the Court May Consider**

As an initial matter, the Court notes that, for purposes of determining Defendant's motion to dismiss, it may not consider

3

the factual allegations contained in Plaintiff's original complaint or Plaintiff's response in opposition to Defendant's motion. The Sixth Circuit follows the general rule that "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." <u>Weiner v. Klais & Co., Inc.</u>, 108 F.3d 86, 98 (6th Cir. 1997). Moreover, an amended complaint supersedes any previous complaints and, therefore, allegations contained in a previous complaint may not be used to repair any defects in a subsequent amended complaint. <u>Parks v. Fed. Express Corp</u>, 1 F. App'x 273, 277 (6th Cir. 2001). Thus, the Court may only consider the allegations contained within Plaintiff's Amended Complaint in determining Defendant's Motion to Dismiss.

**B. Validity of Plaintiff Knox's Claim Under 1981**

Defendant moves to dismiss Plaintiff's claim on grounds that Knox's complaint does not allege facts sufficient to demonstrate the existence of an employment contract between himself and Defendant. (<u>See</u> Skanska USA Building, Inc.'s Mem. of Law in Supp. of its Mot. to Dismiss Pls.' Claims Under Title VII and Pl. Knox's Claims Under 42 U.S.C. § 1981 ("Mem. Supp. of Def.'s Mot. to Dismiss") (D.E. 16-1) 12.)  More specifically, Defendant argues that Plaintiff's complaint merely alleges that "he was either an employee or independent contractor of C-1 and that C-1 entered into a contract with Skanska." (<u>Id.</u>)

Section 1981 protects an individual's right "to make and enforce contracts." 42 U.S.C. § 1981(a). The statute further defines the making and enforcement of a contract to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. § 1981(b).

In Tennessee, parties automatically create an at-will employment relationship when they enter an "employment relationship [that is] not established or formalized by a contract for a definite term." Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 857 (Tenn. 2002). In these at-will employment relationships, "both the employer and the employee are generally permitted, with certain exceptions, to terminate the employment relationship 'at any time for good cause, bad cause, or no cause.'" Id. (quoting Sullivan v. Baptist Mem'l Hosp., 995 S.W.2d 569, 573 (Tenn. 1999)).

Defendant's argument rests on an unsettled question of law — the interaction between § 1981 and the doctrine of at-will employment. See generally Henry v. Trammel Crow SE, Inc., 34 F. Supp. 2d 629, 634 (1998) ("There is no consensus among federal courts as to whether an at will employee can bring a claim of discrimination under § 1981."). Although the Sixth Circuit has not ruled directly on the issue, the court briefly addressed the tension in Acquino v. Honda of America, Inc., 158

5

F. App'x 667 (6th Cir. 2005). In so doing, the court noted that "[t]he Second, Fourth, Fifth, Eighth, and Tenth Circuits have all ruled that § 1981 potentially protects at-will employment" and that "no circuits have ruled differently." Id. at 674 n.3. The court ultimately concluded that

> the question of the potential applicability of § 1981 to at-will employment disputes rests on the employment contract. Whether employment is at-will and whether an at-will employment relationship constitutes a contract are matters of state law. At least two trial courts within this circuit have held that § 1981 applies to at-will employment in Tennessee and Ohio.

Id. Subsequent to Acquino, district courts have allowed Plaintiffs employed at will to pursue claims under § 1981, finding that such a relationship constitutes a contract for § 1981 purposes. See, e.g., Person v. Progressive Logistics Servs. LLC, 418 F. Supp. 2d 1006, 1011–12 (E.D. Tenn. 2006).

Here, Knox has pled sufficient facts to establish that he was Defendant's at-will employee. In its Order Denying Defendant Skanska USA Building, Inc.'s Motion to Dismiss Plaintiff EEOC's Amended Complaint (D.E. 44), the Court found that EEOC's Amended Complaint contained sufficient factual allegations to demonstrate that Defendant was Knox's joint employer. Like the EEOC's complaint, Knox's Amended Complaint contains many of the same factual allegations that the Court's previous order found determinative. These key allegations include the fact that Defendant unilaterally terminated his

employment (see D.E. 24 ¶ 6(c)(6)); that Defendant set schedules and governed Knox's daily workday (D.E. 24. ¶ 6(c)(2)-(3)); and that Defendant's employee appears to have acted as Knox's immediate supervisor (D.E. ¶ 6(c)(g)). As such, the allegations in Knox's Amended Complaint demonstrate that Defendant was Knox's joint employer.

Having established that Skanska was Knox's joint employer, the Court must determine what type of employment relationship existed between the parties. An at-will employment relationship automatically occurs when parties enter an "employment relationship not established or formalized by a contract for a definite term." Crews, 78 S.W.3d at 857. Here, the pleadings fail to reference any agreement as to the employment term. Therefore, without any contract that stating otherwise, Knox's complaint contains sufficient facts to allege that he was Defendant's at-will employee.

Knox's Amended Complaint also blatantly asserts that he was an "was at all times an at-will employee of both Defendant Employer and C-1 Construction Company." (D.E. ¶ 3). The Court expressly notes that this conclusory allegation carries no weight in its decision to consider Knox an at-will employee. Instead, Knox is Defendant's at-will employee because his Amended Complaint contains sufficient facts to demonstrate that Defendant was his joint employer. The simple lack of any

contract to the contrary suggests that the employment relationship was at will.  As an at-will employee, Knox has therefore pled a contractual relationship sufficient to satisfy the definition of contract under § 1981.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED,** this 26th day of September, 2011.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE