# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:10-cv-02717-SHL-tmp |
| MAURICE KNOX, | ) ) | |
| Plaintiff Intervener, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| SKANSKA USA BUILDING, INC., | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### INTRODUCTION

The Equal Employment Opportunity Commission (hereinafter "the Commission") instituted this civil action against Defendant, Skanska USA Building, Inc. (hereinafter "Defendant") to remedy unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2,et seq., (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991. The Commission alleges that Defendant subjected Maurice Knox and a class of African-American buck hoist operators working at its Memphis Methodist Le Bonheur construction site to a hostile work environment because of their race. The Commission alleges further that Defendant retaliated against a class of African-American workers by terminating the contract of their employer, C-1 Inc. Construction Company, and also retaliated against Mr. Knox by terminating his employment because of his race discrimination

complaints.  Finally, the Commission alleges that Defendant failed to comply with the poster requirements of Title VII.

On December 6, 2010, Maurice Knox intervened as a Plaintiff in this action.  Defendant denies that it employed Mr. Knox or the putative class and further denies all of the allegations contained in Commission's Complaint.

This Consent Decree (hereinafter "this Decree") does not constitute a finding on the merits of the case and does not constitute an admission by Skanska of the allegations in the Complaint.  The Commission and Defendant have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein.  No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing.  No representations or inducements to compromise this action have been made between the parties hereto, other than those recited or referenced in this Decree.  In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations, the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

## I.  JURISDICTION

1. The parties stipulate that the United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and the subject matter of this

litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 2:10-cv-02717, alleging unlawful employment practices by Defendant based on Charge No. 490-2009-02858 filed by Maurice Knox. This Decree shall not be considered in any manner to be dispositive of any charge which is or may be pending before any office of the Commission other than Charge No. 490-2009-02858.

4. The provisions of this Decree are effective immediately upon the date that the Decree is entered by the Court and shall be binding upon the parties to this lawsuit for three years after the effective date of this Decree.

## III. INJUNCTIVE RELIEF

5. Defendant, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all persons in active concert with it are enjoined from subjecting any applicant, employee, or employee of a subcontractor actively working on a Project managed by Skanska within the Western District of Tennessee to a racially hostile work environment.

6. Defendant, its supervisors, managers, officers, directors, agents, successors, and all other persons in active concert with it are enjoined from retaliating against any applicant, employee, or employee of a subcontractor actively working on a Project managed by Skanska

because the individual has opposed race discrimination under Title VII within the Western District of Tennessee.

### IV.  POLICIES AND PROCEDURES

7. Defendant will develop, maintain and communicate to its employees, subcontractors, and employees of subcontractors located within the Western District of Tennessee, its written company policy (hereinafter "the Policy") that details Defendant's prohibition of discrimination in the workplace, specifically noting that Defendant does not tolerate racial harassment and retaliation. The Policy will contain guidance to ensure compliance with Title VII and provide detailed instruction related to identifying and reporting incidents of discrimination in the workplace.

8. Defendant will incorporate the Policy into its Employee Handbook and shall distribute a copy of the Policy to all employees, and shall inform subcontractors located within the Western District of Tennessee of the Policy within the subcontract.  Defendant will require all current and new employees, and subcontractors located within the Western District of Tennessee to sign an acknowledgment of receipt of the Policy, which may also be acknowledgement of receipt of the Employee Handbook.  Subcontractors will be directed through the applicable subcontract to inform subcontractor employees actively working on a Project managed by Skanska within the Western District of Tennessee of the Policy.

### V.  TRAINING

9. Defendant will provide an annual training program on race discrimination, racial harassment and retaliation under Title VII to all employees working at Defendant's current worksites within the jurisdiction of the U.S. District Court in the Western District of Tennessee for the duration of this Consent Decree.  The initial annual training will be scheduled and

conducted within 60 days after the date of the entry of this Decree. Defendant will send a member of senior management to appear at this training and advise participants of the company's non-discrimination policy regarding race and retaliation.

10. Defendant will advise staff in writing that the training is mandatory for all employees, subcontractors, and employees of subcontractors. The training will last at least four hours and include:

    a. The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

    b. A discussion of racial harassment, including what constitutes racial harassment;

    c. A discussion of how to prevent, identify, and remedy racial harassment;

    d. A discussion of what constitutes retaliation under Title VII;

    e. A discussion of how to prevent, identify, and remedy retaliation;

    f. A discussion of Defendant's policy against racial harassment and retaliation, including procedures and responsibilities for reporting and remedying racial harassment and retaliation; and

    g. A discussion of the applicability of Defendant's policy against discrimination to subcontractors and employees of subcontractors.

11. Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirements in Paragraphs 9 and 10 above.

## VI. RELIEF

12. Defendant has separately resolved intervening Plaintiff Maurice Knox's monetary claims.

13. Defendant will pay a total of $95,000 to the class of African-American employees in full and final settlement of the claims of these class members under the Commission's Complaint. Of this amount, $70,000 will be paid to Samuel Burt and $25,000 will be paid to Robert Vassar.

14. Defendant will issue 1099 forms to Robert Vassar and Samuel Burt for the payments subject to receiving appropriate documentation.

15. Within ten business days of the entry of this Decree by the Court and receipt of addresses, Defendant shall separately mail checks, via certified mail, to class members Robert Vassar and Samuel Burt at the addresses provided by the Commission. Concurrently, copies of the checks and related correspondence will be mailed to Trial Attorney Matthew McCoy, at the address below.

16. Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## VII. RECORDKEEPING AND REPORTING PROVISIONS

17. Defendant will maintain records of any complaints of racial harassment or retaliation made involving alleged inappropriate conduct at any of its facilities or construction sites within the jurisdiction of the U.S. District Court for the Western District of Tennessee. These records must include the names, addresses, telephone numbers, if available, of the employee, worker or applicant making the complaint. These records must also contain the date of the report or complaint, a detailed description of the allegations made, the names of any

witnesses, the name and position of the alleged bad actor, and what actions, if any, Defendant took to resolve the complaint.

18. Defendant will provide three annual reports to the Commission. Each annual report must contain a summary of the information recorded by Defendant pursuant to Paragraph 17 above; a record of the attendance at the training programs required by Paragraphs 9 and 10 above; and a certification by Defendant that the Notice required to be posted by Paragraph 20 below remained posted during the time period preceding the report at offices or job sites located within the jurisdiction of the Western District of Tennessee.

19. Defendant will submit the first annual report within 12 months of the entry of this Decree; the second annual report within 24 months of entry of this Decree; and the third annual report within 36 months of the entry of this Decree. Defendant must mail these annual reports to Trial Attorney Matthew McCoy, or other designees, at the address below.

## VIII.  NOTICE

20. Defendant must also keep posted in conspicuous places at all worksites the notice poster required by Title VII, 42 U.S.C. § 2000-10.

## IX.  NOTIFICATION OF SUCCESSORS

21. Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor prior written notice of the existence of the Commission's Complaint, this Decree, and the contents and obligations of the settlement.

## X.  ENFORCEMENT

22. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission will provide ten days notice

to Defendant of any deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

### XI.  COSTS

23. Each of the parties shall bear its own costs and attorney fees in this lawsuit.

**IT IS SO ORDERED** this 28th day of January, 2015.


/s/ Sheryl H. Lipman_____
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

Approved by the parties:

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **P. DAVID LOPEZ**<br>General Counsel | **SKANSKA USA BUILDING, INC.** |
| **GWENDOLYN YOUNG REAMS**<br>Associate General Counsel | s/ Jacqueline E. Kalk<br>**JACQUELINE E. KALK** |
| s/ Faye A. Williams<br>**FAYE A. WILLIAMS**<br>Regional Attorney<br>Tennessee Bar No. 011730 | **LITTLER MENDELSON, P.C.**<br>1300 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone:    (612) 630-1000 |
| s/ Matthew H. McCoy<br>**MATTHEW H. McCOY**<br>Trial Attorney<br>Indiana  Bar No. 29368-49 | |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
Telephone:  (901) 544-0070